UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip J. Harkless, Jr., | ) C/A No. 9:06-356-MBS-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Jay Hodge, Solicitor; and Sherrie Baugh, Asst. Solicitor of the Fourth Judicial Circuit of South Carolina, | ) |
| Defendants. | ) |

The plaintiff, Phillip J. Harkless, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Darlington County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the solicitor and assistant solicitor prosecuting the plaintiff's state criminal case as the sole defendants. The complaint should be dismissed based on the Defendant's immunity to suit under 42 U.S.C. § 1983.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff files a civil rights complaint pursuant to constitutional violations under 42 U.S.C. § 1983. The complaint claims the Defendants violated Plaintiff's rights based on:

> 1. Holding me (Harkless) w/o substanial evidences.
> 2. Also causing pain and suffering w/ family + I.
> 3. As of 02/24/06 (2 years) of being in the custody of D.C.D.C. while going through prejudice.
> 4. Failure to communicate about cases
>    A. Indluding filing for speedy trials (1 times) +
>    B. Not recieving a preliminary hearing W/I 2 yrs.
> All in all (violating my rights).

Complaint at 3 [verbatim]. The complaint fails to specifically request monetary damages, but instead requests "the Court to acknowledge my claim" and the "cooperation" of the Defendants. Complaint at 5.

## Discussion

The Complaint fails to state a claim based on the factual allegations in the first three numbered phrases. In as much as Plaintiff attempts to sue for damages under § 1983 in relation to his pending criminal prosecution, his claim is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id., 512 U.S. at 486-87. In order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. The preclusive rule of Heck is also applicable to pretrial detainees. See Snodderly v. R.U.F.F., 239 F.3d 892 (7th Cir. 2001); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir. 1999); Covington v. City of New York, 171F3d.117 (2nd Cir. 1999); Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996)(a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); Hamilton v. Lyons, 74 F.3d 99 (5th Cir. 1996). Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his detention. Until the plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in Heck v. Humphrey, supra; See also Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).

In as much as Plaintiff requests injunctive relief, a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. 37, 43-44 (1971). From Younger and its progeny, the Court of Appeals for the

Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In this case, Plaintiff is clearly involved in an ongoing state criminal proceeding. The second criteria has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also decided the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Plaintiff's claim for damages or injunctive relief in relation to his pending state criminal proceedings should be dismissed.

Finally, the complaint should be dismissed because the Defendants are immune from suit under § 1983 in this case.[2] The Defendants are solicitors, which are local prosecuting attorneys that represent the State in criminal proceedings. In Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within

---

[2] Immunity presents a threshold question which should be resolved before discovery is even allowed. See Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." Plaintiff's factual allegations concerning "failure to communicate," "filing for speedy trials," and "not receiving a preliminary hearing" within two years, indicate the actions of the Defendants about which Plaintiff complains, were associated with the judicial phase of the state criminal proceedings. The Defendants have absolute immunity from suit in this § 1983 action, so the complaint should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i)[frivolous]; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

Respectfully submitted,

_____
George C. Kosko
United States Magistrate Judge

February ___, 2006
Charleston, South Carolina

6

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but *not* thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**
