IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip J. Harkless, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jay Hodge, Solicitor; and Sherrie Baugh, )<br>Asst. Solicitor of the Fourth Judicial )<br>Circuit of South Carolina, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 9:06-0356-MBS<br><br><br><br>**O R D E R** |

    Plaintiff Phillip J. Harkless, Jr. is a pretrial detainee at the Darlington County Detention Center in Darlington, South Carolina. Plaintiff, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on February 3, 2006. Defendants Jay Hodge and Sherrie Baugh are the local prosecuting attorneys with respect to Plaintiff's underlying state court criminal proceeding.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On February 27, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the complaint be dismissed based on Defendants' immunity to suit under § 1983, and because any claims for damages relating to Plaintiff's pending criminal prosecution are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff filed objections to the Report on March 10, 2006.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections generally restate allegations of the complaint. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In any event, Plaintiff has failed to establish that Defendants are not entitled to prosecutorial immunity, or that any claims regarding the pending state court criminal proceedings are not barred by Heck. Plaintiff's objections are without merit.

The court concurs in the Report and Recommendation and incorporates it herein by reference. The case is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 1, 2006
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

2